# EXHIBIT A

KOLLER LAW LLC
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com



*Filed and Attested by the Office of Judicial Records 08 FEB 2024 10:16 am S. GILLIAM*

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
TRIAL DIVISION - CIVIL

| | |
|---|---|
| MESERET GEBRE<br>4050 Chestnut Street, Apt 1F,<br>Philadelphia, PA 19104<br>　　　　　Plaintiff,<br><br>　　v.<br><br>PHILADELPHIA WORKS, INC.<br>1617 John F. Kennedy Blvd, 13th Floor,<br>Philadelphia, PA 19103<br><br>　　　　　Defendant. | September Term 2023<br><br>Case No. 01611 |

### COMPLAINT

This matter is brought by Plaintiff, Meseret Gebre (hereinafter "Plaintiff") against Defendant, Philadelphia Works, Inc. (hereinafter "Defendant") for violations of Title VII of the Civil Rights Act of 1965 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), the Whistleblower Law (43 P.S. §§ 1421-1428) and Wrongful Termination in violation of Public Policy of the Commonwealth of Pennsylvania. In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding introductory paragraph as if set forth more fully at length herein.

2. Plaintiff, Meseret Gebre, is adult individual who resides at the above-captioned address.

1

Case ID: 230901611

3. Defendant, Philadelphia Works, Inc. is a non-profit organization that is, upon information and belief, located and headquartered at the above-captioned address and is an employer and/or covered entity as defined by Title VII, the PHRA, and the Pennsylvania Whistleblower Law.

4. Upon information and belief, Defendant receives money from a public body to perform work or provide services relative to the performance of work for or the provision of services to a public body.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment; in making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer; in so acting, these individuals engaged in a pattern and practice of discriminatory treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiffs incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The facts and circumstances which give rise to this Complaint occurred in and around Philadelphia County and therefore jurisdiction and venue are proper in this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff incorporates the preceding Paragraphs as if set forth more fully at length herein.

2

10. Plaintiff exhausted Plaintiff's administrative remedies under Title VII.

11. Plaintiff's administrative remedies under the PHRA will be exhausted on or about May 30, 2024.

12. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant on or about May 30, 2023.

13. The Charge was assigned Charge Number 530-2023-08161.

14. By filing with the EEOC and requesting dual filing with the Pennsylvania Human Relations Commission ("PHRC"), Plaintiff's Charge was dual-filed with the PHRC.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge dated December 16, 2023.

16. Plaintiff received her Right to Sue via electronic mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of Plaintiff's intent to proceed with a lawsuit in Court.

18. Plaintiff filed the instant Complaint within ninety (90) days of the receipt of Plaintiff's Right to Sue in this matter.

19. Plaintiff has exhausted Plaintiff's administrative remedies as to the allegations of this Complaint under Title VII and Plaintiff's administrative remedies under the PHRA will be exhausted on May 30, 2024.

## MATERIAL FACTS

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff is African American.

Case ID: 230901611

22. Defendant engaged with Plaintiff as an Independent Contractor on or about September 6, 2022.

23. Defendant employed Plaintiff as a full time employee in the position of Account Liaison on or about January 3, 2023.

24. Plaintiff's initial supervisor was Matthew Appleton, Manager of Contracts.

25. Mr. Appleton was promoted and following his promotion, Plaintiff reported to Sharon Robinson.

26. After Defendant hiring Plaintiff as a full-time Account Liaison, Defendant brought on Sarah Getz (Caucasian) as Manager of Contracts.

27. When Defendant hired Ms. Getz, Ms. Getz became Plaintiff's supervisor.

28. In or around February or March 2023, Ms. Getz instructed Plaintiff to review a new invoice for a vendor ("Vendor").

29. Ms. Getz connected Plaintiff with Angela Davis, Vendor's point of contact, to ensure payment made for a previous invoice was received in a timely manner.

30. The following day, Plaintiff met with Ms. Davis to review additional documentation.

31. Upon review of the additional documentation, Plaintiff suspected that the new invoice from Vendor was fraudulent as the line items in the budget under $500.00 were missing documentation.

32. Plaintiff requested supporting documentation for itemized expenses from Ms. Davis.

33. Ms. Davis's response to Plaintiff was "[e]xpenses under $500.00 do not require supporting documents," or words to that effect.

Case ID: 230901611

34. Ms. Davis's response was not in line with generally accepted accounting principles ("GAAP") standards and there was no note on the invoice template stating consistent with Ms. Davis's statement.

35. Plaintiff, as a result, could not process the invoice as it did not comply with GAAP standards and Plaintiff informed Ms. Davis she could not process the invoice for this reason.

36. When Plaintiff informed Ms. Davis that Plaintiff could not process the invoice, Ms. Davis became upset.

37. Plaintiff and Ms. Davis had a phone call about the invoice processing and Ms. Davis became defensive and accused Plaintiff of "speaking to [Ms. Davis] like a child."

38. Plaintiff's belief that line items on the invoice were fraudulent was reasonable and in good faith.

39. Plaintiff's good faith reasonable belief was bolstered by Ms. Davis's refusal to answer Plaintiff's questions or provide supporting documentation for certain line items on the invoice at issue.

40. At all times during her interactions with Ms. Davis, Plaintiff acted professionally and was performing her job duties to the best of her ability by seeking this additional information.

41. Plaintiff did apologize to Ms. Davis over the phone in an attempt to deescalate her agitated state.

42. Plaintiff believed at this point that Ms. Davis intended to commit fraud and/or embezzlement of funds.

43. Plaintiff responded to emails from Ms. Davis to inform Ms. Davis that Plaintiff would not process the invoice due to her skepticism.

5

44. Soon thereafter, Maria Morton, Defendant's Human Resource Manager, informed Plaintiff that Plaintiff's work account was being put on hold and that an investigation would be conducted regarding Ms. Davis's complaint about her conduct via email.

45. Plaintiff sent evidence to Defendant regarding her position on the allegations against Plaintiff made by Ms. Davis.

46. Defendant, via counsel, informed Plaintiff that Plaintiff could attend a meeting about the alleged incident but that attendance was optional.

47. As the meeting was optional and Defendant would not permit Plaintiff to have an attorney present with her, Plaintiff declined to attend the meeting.

48. Despite Plaintiff providing evidence of the potential fraud and embezzlement by the vendor, Defendant abruptly terminated Plaintiff on or about March 20, 2023.

49. Defendant's alleged reason for termination was "unprofessional and inappropriate behavior" or words to that effect.

50. Defendant also informed Plaintiff on this date that it was terminating her benefits as of on or about March 20, 2023 and informed Plaintiff that her final pay would be on March 31, 2023, and would be "paid up to and including March 20, 2023" or words to that effect.

51. Defendant's policy regarding benefits is that health benefits are to be applied for the entire pay period and Defendant should not have terminated Plaintiff's health benefits prior to March 31, 2023.

52. Additionally, Defendant's payment of Plaintiff's final pay did not align with Defendant's payroll policies.

53. Defendant also withheld payment for several billable hours of Plaintiff's work and, to date, has not paid Plaintiff for those hours.

Case ID: 230901611

54. Defendant's treatment of Plaintiff was different than its treatment of an Asian Account Liaison who, in or around October 2022, asked a vendor to remove supporting documentation that did not align with GAAP standards.

55. Defendant did not terminate this Asian Account Liaison for reviewing and verifying an invoice's legitimacy nor accused her of unprofessional or inappropriate behavior.

56. This Asian Account Liaison held the same position as Plaintiff and had the same job duties as Plaintiff.

57. Plaintiff made a good faith report of wrongdoing or waste in accordance with the Pennsylvania Whistleblower Law.

58. Upon information and belief, Defendant discharged Plaintiff in retaliation for Plaintiff engaging in protected activity under the Pennsylvania Whistleblower Law and for refusing to aid and abet the violations of law she observed occurring by the vendor in its requests for reimbursement.

59. After his good faith complaints, Plaintiff was told he could not perform previously approved remote/hybrid work after March 1, 2023.

60. Plaintiff further believes and avers that Defendant's actions violated Pennsylvania common law by wrongfully discharging Plaintiff based on her refusal to engage in actions which would violate the laws of the Commonwealth of Pennsylvania in violation of the public policy of the Commonwealth of Pennsylvania.

61. Plaintiff further believes that Defendant subjected her to discrimination against her based on her race by treating her differently than others in the same or substantially similar positions outside of her protected class.

Case ID: 230901611

62. Defendant's conduct and wrongful termination of Plaintiff was willful, malicious, or done with reckless disregard to Plaintiff's statutory rights.

63. Plaintiff initiated this matter via Writ of Summons filed September 15, 2023.

## COUNT I
## VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER LAW

64. Plaintiff incorporates the proceeding paragraphs as if set more fully at length herein.

65. Plaintiff engaged in protected activity by making a protected report of wrongdoing as defined by the applicable statute as described above.

66. Defendant is an employer covered under the Whistleblower Law in that Defendant is a public body and/or receives money from a public body and/or the Commonwealth to perform work or provide services.

67. Plaintiff suffered an adverse employment action in the form of termination.

68. Plaintiff suffered additional materially adverse actions in the early termination of health benefits and withholding of additional pay owed to her.

69. Based upon the above, there exists a causal connection between Plaintiff's engagement in protected activity and her constructive discharge.

70. As a result of Defendant's Conduct, Plaintiff has suffered damages in excess of $50,000.00.

**WHEREFORE**, Plaintiff seeks damages in excess of $50,000.00 as set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

71. Plaintiff incorporates the proceeding paragraphs as if set more fully at length herein.

72. Plaintiff was an at-will employee with Defendant.

8

Case ID: 230901611

73. Although Pennsylvania adheres to the at-will employment doctrine, an employee may bring a cause of action for termination "where the termination implicates a clear mandate of public policy." Weaver v. Harpster, 975 A.2d 555, 563 (Pa. 2009).

74. Discharging an employee in retaliation for reporting waste or wrongdoing by a public body or entity funded by the Commonwealth of Pennsylvania is a violation of the at-will employment doctrine.

75. Additionally, discharging an employee in retaliation for reporting and/or objecting to improper or unlawful conduct and refusing to engage in said conduct is a violation of the at-will employment doctrine.

76. Defendant discharged Plaintiff in retaliation for her objection to unlawful conduct and refusal to engage in said conduct as described above in violation of public policy of this Commonwealth.

77. As a result of her wrongful discharge, Plaintiff has suffered damages in excess of $50,000.00.

**WHEREFORE**, Plaintiff seeks damages in excess of $50,000.00 as set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

78. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

79. Plaintiff is a member of protected classes in that she is African-American.

80. Plaintiff was qualified to perform the job for which she was hired.

81. Plaintiff suffered adverse job actions, including, but not limited to termination.

82. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

9

Case ID: 230901611

83. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

84. Defendant discriminated against Plaintiff on the basis of race.

85. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

86. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

87. Upon information and belief, Defendant's actions and/or omissions in connection with Plaintiff were done willfully or with reckless disregard to Plaintiff's statutory rights.

88. As a result of actions and/or omissions by Defendant, Plaintiff suffered harm in excess of $50,000.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

89. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

90. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (African-American).

91. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages in excess of $50,000 as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

Case ID: 230901611

**JURY DEMAND**

Plaintiff hereby demands trial by jury as to all issues.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Meseret Gebre, request that the Court grant her the following relief against Defendant:

a)  Damages for past and future monetary losses as a result of Defendant's wrongful termination of Plaintiff;

b)  Compensatory damages;

c)  Punitive damages;

d)  Emotional pain and suffering;

e)  Reasonable attorneys' fees;

f)  Recoverable costs;

g)  Pre and post judgment interest;

h)  An allowance to compensate for negative tax consequences; and

i)  Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

**[CONTINUED ON NEXT PAGE]**

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: February 8, 2024    By:    */s/ David M. Koller*

David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

Case ID: 230901611

**VERIFICATION**

    I, David M. Koller, Esquire, verify that I am counsel to Plaintiff, Meseret Gebre, and as such I am authorized to make this Verification on her behalf, and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that these statements are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

                                                    **KOLLER LAW, LLC**

Dated: February 8, 2024        By:   */s/ David M. Koller*
                                                        David M. Koller, Esquire