**JACKSON LEWIS P.C.**
Stephanie J. Peet, Esq. (PA No. 91744)
Zachary M. Halpern, Esq. (PA No. 334087)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
Stephanie.Peet@jacksonlewis.com
Zachary.Halpern@jacksonlewis.com
*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MESERET GEBRE**, | Docket No.: 24-987 |
| Plaintiff, | |
| v. | |
| **PHILADELPHIA WORKS, INC**. | |
| Defendant. | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
### WITH AFFIRMATIVE AND OTHER DEFENSES

Defendant, Philadelphia Works, Inc., ("Philadelphia Works" or "Defendant"), by and through its undersigned counsel, files this Answer to Plaintiff Meseret Gebre's Complaint with Affirmative and Other Defenses, and states as follows:

### THE PARTIES

1. Defendant admits that Plaintiff purports to bring an action against it pursuant to Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), the Whistleblower Law, 43 P.S. §§ 1421-1428, and Pennsylvania common law but denies any liability to Plaintiff.

2. Defendant admits that Plaintiff is an adult individual but denies knowledge or information sufficient to form a belief as to her current residency.

3. The allegations in Paragraph 3 of the Complaint are admitted in part and denied in part. Defendant admits only that it is a non-profit organization located and headquartered at 1617 John F. Kennedy Blvd, 13th Floor, Philadelphia, PA 19103. The remaining allegations are denied as legal conclusions to which no response is required. To the extent a further response may be required, denied.

4. The allegations in Paragraph 4 of the Complaint are admitted.

5. The allegations in Paragraph 5 of the Complaint are denied. By way of further response, at all times, Defendant treated Plaintiff lawfully and fairly.

6. The allegations in Paragraph 6 of the Complaint are denied. By way of further response, Defendant treated Plaintiff lawfully and fairly.

## JURISDICTION AND VENUE

7. Defendant incorporates the preceding paragraphs as if set forth fully at length herein.

8. The allegations set forth in Paragraph 8 of the Complaint are denied as legal conclusions to which no response is required. To the extent a response may be required, Defendant does not contest that jurisdiction and venue are proper in this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Defendant incorporates the preceding Paragraphs as if set forth fully at length herein.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint. To the extent a response may be required, these allegations are denied.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint. To the extent a response may be required, these allegations are denied.

12. The allegations in Paragraph 12 are admitted in part and denied in part. Defendant admits only that Plaintiff filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") on May 30, 2023, alleging race discrimination and retaliation against Defendant. The remaining allegations are denied as conclusions of law.

13. Defendant admits that the Charge was assigned Charge Number 530-2023-08161.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint. To the extent that a further response may be required, Defendant admits only that Plaintiff purports to have dual-filed her Charge with the Pennsylvania Human Relations Commission.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant admits the allegations set forth in Paragraph 18 of the Complaint to the best of its knowledge and belief.

19. The allegations set forth in Paragraph 19 of the Complaint are denied as legal conclusions to which no response is required. By way of further answer, Plaintiff's PHRA claim is premature as Plaintiff has not yet exhausted her administrative remedies with respect to this claim.

## **MATERIAL FACTS**

20. Defendant incorporates the preceding paragraphs as if set forth fully at length herein.

21. The allegations in Paragraph 21 of the Complaint are admitted.

22. The allegations in Paragraph 22 of the Complaint are admitted.

23. The allegations in Paragraph 23 of the Complaint are admitted.

24. The allegations in Paragraph 24 of the Complaint are admitted.

25. The allegations in Paragraph 25 of the Complaint are admitted.

26. The allegations in Paragraph 26 of the Complaint are admitted.

27. The allegations in Paragraph 27 of the Complaint are admitted.

28. The allegations in Paragraph 28 of the Complaint are admitted.

29. The allegations in Paragraph 29 of the Complaint are denied. By way of further response, Plaintiff met with the Vendor's point of contact, Angela Davis, to process a contract invoice.

30. The allegations in Paragraph 30 of the Complaint are denied. By way of further response, Plaintiff met with the vendor's point of contact, Angela Davis, to process a contract invoice.

31. The allegations in Paragraph 31 of the Complaint are denied. By way of further response, Plaintiff observed that line items in the budget under $500 were missing documentation,

and instead of respectfully requesting supporting documentation, Plaintiff baselessly accused Defendant's vendor of fraud.

32. The allegations in Paragraph 32 of the Complaint are denied. By way of further response, Plaintiff sent an unprofessional email to Defendant's vendor baselessly accusing her of "knowingly" sending a "fraudulent invoice."

33. The allegations in Paragraph 33 of the Complaint are denied.

34. The allegations in Paragraph 34 of the Complaint are denied.

35. The allegations in Paragraph 35 of the Complaint are denied.

36. The allegations in Paragraph 36 of the Complaint are denied.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the Complaint. To the extent a response may be required, these allegations are denied.

38. The allegations in Paragraph 38 of the Complaint are denied.

39. The allegations in Paragraph 39 of the Complaint are denied.

40. The allegations in Paragraph 40 of the Complaint are denied.

41. The allegations in Paragraph 41 of the Complaint are denied.

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 42 of the Complaint. To the extent a response may be required, these allegations are denied.

43. The allegations in Paragraph 43 of the Complaint are denied.

44. The allegations in Paragraph 44 of the Complaint are admitted.

45. The allegations in Paragraph 45 of the Complaint are denied.

46. The allegations in Paragraph 46 of the Complaint are admitted.

47. Admitted in part, denied in part. Defendant admits that Plaintiff refused to attend the meeting. Defendant does not know what Plaintiff's motives were and thus denies the remaining allegations as lacking sufficient knowledge or information.

48. The allegations in Paragraph 48 are denied.

49. The allegations in Paragraph 49 are denied.

50. The allegations in Paragraph 50 are denied.

51. The allegations in Paragraph 51 are denied.

52. The allegations in Paragraph 52 are denied.

53. The allegations in Paragraph 53 are denied.

54. The allegations in Paragraph 54 are denied.

55. The allegations in Paragraph 55 are denied.

56. The allegations in Paragraph 56 are denied.

57. The allegations in Paragraph 57 are denied.

58. The allegations in Paragraph 58 are denied.

59. The allegations in Paragraph 59 are denied.

60. The allegations in Paragraph 60 are denied.

61. The allegations in Paragraph 61 are denied.

62. The allegations in Paragraph 62 are denied.

63. The allegations in Paragraph 63 are admitted.

## **AS TO "COUNT I" – PENNSYLVANIA WHISTLEBLOWER LAW ALLEGATIONS**

64. Defendant incorporates the preceding paragraphs as if set forth fully at length herein.

65. The allegations in Paragraph 65 are denied.

66. The allegations in Paragraph 66 are denied as a conclusion of law to which no response is required. To the extent a further response may be required, denied.

67. The allegations in Paragraph 67 are denied.

68. The allegations in Paragraph 68 are denied.

69. The allegations in Paragraph 69 are denied.

70. The allegations in Paragraph 70 are admitted in part and denied in part. Defendant admits only that Plaintiff demands damages in excess of $50,000. Defendant denies that Plaintiff is entitled to any damages.

### AS TO "COUNT II" – WRONGFUL TERMINATION ALLEGATIONS

71. Defendant incorporates the preceding paragraphs as if set forth fully at length herein.

72. The allegations in Paragraph 72 of the Complaint are admitted.

73. The allegations in Paragraph 73 of the Complaint are denied as conclusions of law to which no response is required. To the extent a response may be required, the allegations are denied.

74. The allegations in Paragraph 74 of the Complaint are denied as conclusions of law to which no response is required. To the extent a response may be required, the allegations are denied.

75. The allegations in Paragraph 75 of the Complaint are denied as conclusions of law to which no response is required. To the extent a response may be required, the allegations are denied.

76. The allegations in Paragraph 76 of the Complaint are denied.

77. The allegations in Paragraph 77 are admitted in part and denied in part. Defendant admits only that Plaintiff demands damages in excess of $50,000. Defendant denies that Plaintiff is entitled to any damages.

### AS TO "COUNT III" – ALLEGATIONS OF RACE DISCRIMINATION UNDER TITLE VII

78. Defendant incorporates the preceding paragraphs as if set forth fully at length herein.

79. The allegations in Paragraph 79 of the Complaint are admitted.

80. The allegations in Paragraph 80 of the Complaint are denied.

81. The allegations in Paragraph 81 of the Complaint are denied.

82. The allegations in Paragraph 82 of the Complaint are denied.

83. The allegations in Paragraph 83 of the Complaint are denied.

84. The allegations in Paragraph 84 of the Complaint are denied.

85. The allegations in Paragraph 85 of the Complaint are denied.

86. The allegations in Paragraph 86 of the Complaint are denied.

87. The allegations in Paragraph 87 of the Complaint are denied.

88. The allegations in Paragraph 88 are admitted in part and denied in part. Defendant admits only that Plaintiff demands damages in excess of $50,000. Defendant denies that Plaintiff is entitled to any damages.

### AS TO "COUNT IV" – ALLEGATIONS OF RACE DISCRIMINATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

89. Defendant incorporates the preceding paragraphs as if set forth fully at length herein. By way of further answer, Plaintiff's PHRA claim is premature as Plaintiff has not yet exhausted her administrative remedies with respect to this claim.

90. The allegations in Paragraph 90 of the Complaint are denied. By way of further answer, Plaintiff's PHRA claim is premature as Plaintiff has not yet exhausted her administrative remedies with respect to this claim.

91. The allegations in Paragraph 91 are admitted in part and denied in part. Defendant admits only that Plaintiff demands damages in excess of $50,000. Defendant denies that Plaintiff is entitled to any damages.

## AS TO "PRAYER FOR RELIEF

**WHEREFORE**, Defendant denies Plaintiff is entitled to relief including the relief requested in the WHEREFORE clause following the Prayer for Relief.

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that:

A. Judgment be entered in favor of Defendant and this action be dismissed with prejudice;

B. Judgment be entered in favor of Defendant for all costs and attorneys' fees incurred in the defense of this action;

C. This Court deny each and every demand, claim, and prayer for relief; and

D. This Court grant Defendant such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses without prejudice to its right to argue that Plaintiff bears the burden of proving some or all of these defenses.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which monetary, equitable, or injunctive relief may be granted.

## SECOND DEFENSE

All claims are barred because there is no causal connection between alleged membership in a protected class and/or alleged protected activity and the adverse action alleged herein.

## THIRD DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was based upon lawful and reasonable factors and not upon alleged membership in any protected class.

## FOURTH DEFENSE

Plaintiff's claims for damages are barred or reduced by Plaintiff's failure to mitigate her alleged damages by using reasonable diligence to seek and obtain employment following the ending of her assignment with Defendant, and by no fault of Defendant.

## FIFTH DEFENSE

Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

## SIXTH DEFENSE

Plaintiff has not suffered any legally cognizable damage.

## SEVENTH DEFENSE

To the extent that Plaintiff experienced any economic or emotional harm resulting from the dismissal from Defendant, said harm results from Plaintiff's conduct and/or violative behavior.

## EIGHTH DEFENSE

Defendant acted at all times in good faith, in accordance with all applicable local, state and federal laws, statutes, ordinances, and regulations.

**NINTH DEFENSE**

Claims may be barred or limited by the statute of limitations, waiver, release, estoppel and/or laches.

**TENTH DEFENSE**

To the extent Plaintiff's claims for compensatory damages are comprised of emotional distress damages, such damages are barred by the exclusive remedy provisions of Pennsylvania's workers' compensation statute.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

**TWELFTH DEFENSE**

Some or all of Plaintiffs claims cannot be litigated because they are beyond the scope of Plaintiffs administrative charge, were not subject to administrative investigatory or conciliation processes, and were not included in any determination by the Equal Employment Opportunity Commission.

**THIRTEENTH DEFENSE**

Plaintiff's complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to any unlawful consideration.

**FOURTEENTH DEFENSE**

Plaintiff did not engage in protected activity within the meaning of 43 P.S. §§ 1421-1428.

**FIFTEENTH DEFENSE**

Any action taken by Defendant with respect to Plaintiff's employment was done for legitimate, non-retaliatory reasons unrelated to any alleged protected activity.

**SIXTEENTH DEFENSE**

Plaintiff's punitive damages claim is barred because Defendant at no time engaged in discriminatory practices or actions intentionally, with malice, and/or with reckless disregard to Plaintiff's or other employees' statutory rights.

**SEVENTEENTH DEFENSE**

Defendant and its managerial agents engaged in good faith efforts to comply with the law, and therefore cannot be held liable for punitive damages.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend this Answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for investigation and appropriate discovery.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Stephanie J. Peet*
Stephanie J. Peet, Esq. (PA No. 91744)
Zachary M. Halpern, Esq. (PA No. 334087)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
Stephanie.Peet@jacksonlewis.com
Zachary.Halpern@jacksonlewis.com

Dated: March 15, 2024

## CERTIFICATION OF SERVICE

I hereby certify that on this date, a true and correct copy of **Defendant's Answer and Defenses to Plaintiff's Complaint** was served via the Court's electronic filing system upon all counsel of record.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Stephanie J. Peet*
Stephanie J. Peet, Esq. (PA No. 91744)
Zachary M. Halpern, Esq. (PA No. 334087)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
Stephanie.Peet@jacksonlewis.com
Zachary.Halpern@jacksonlewis.com

Dated: March 15, 2024

4858-8080-6829, v. 2